FENG MING LIN, Petitioner,

v.

Eric H. HOLDER, Jr., United States Attorney General,* Respondent.

No. 08–5590–ag.

United States Court of Appeals, Second Circuit.

Aug. 4, 2009.

Norman Kwai Wing Wong, New York, NY, for Petitioners.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division, Carol Federighi, Senior Litigation Counsel, Mona Maria Yousif, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: JOSÉ A. CABRANES, ROBERT D. SACK, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Feng Ming Lin, a native and citizen of the People's Republic of China, seeks review of an October 28, 2008 order of the BIA affirming the June 8, 2007 decision of Immigration Judge ("IJ") Jeffrey L. Romig denying her application for asylum, withholding of removal, and relief under the Convention against Torture ("CAT"). *In re Feng Ming Lin*, No. A098 561 202 (B.I.A. Oct. 28, 2008), *aff'g* No. A098 561

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

202 (Immig. Ct. N.Y. City June 8, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, we review the entire IJ decision and need not confine our review to the grounds expressly addressed by the BIA. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed *de novo. See Passi v. Mukasey*, 535 F.3d 98, 101 (2d Cir.2008).

## I. Asylum and Withholding of Removal

### A. Forced Marriage

■ The agency did not err in finding that Lin failed to establish a nexus between any harm she suffered or feared she would suffer in the future and her membership in a particular social group. *See Matter of Acosta*, 19 I. & N. Dec. 211, 233 (B.I.A.1985), *overruled in part on other grounds by Matter of Mogharrabi*, 19 I. & N. Dec. 439 (BIA 1987). Lin argues that she was persecuted on account of her membership in the particular social group of "young women in remote villages in the People Republic of China who fear forced marriage." However, she fails to establish that her proposed group exhibits the required particularity and social visibility necessary to constitute a particular social group under the Immigration and Nationality Act ("INA"). *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir.2007) (according *Chevron* deference to the BIA's determination in *Matter of A–M–E & J–G–U–*, 24 I. & N. Dec. 69, 74–76 (BIA 2007)). Her argument that shared past experiences may define a social group is unavailing, as she was also required to show that the group she describes is generally perceived as a discrete group by Chinese society, and she failed to do so. *See Matter of S–E–G–*, 24 I. & N. Dec. 579, 586–87 (BIA 2008); *see also Matter of C–A–*, 23 I. & N. Dec. 951, 960 (BIA 2006) (stating that "a social group cannot be defined *exclusively* by the fact that it is targeted for persecution").

Moreover, Lin failed to establish a nexus between her asserted group membership and the harm she suffered and claims to fear. *See Koudriachova v. Gonzales*, 490 F.3d 255, 261–62 (2d Cir.2007). That is, she has not demonstrated that the village chief harmed her, and seeks to harm her, because she is a member of the group of "young women in remote villages in the People Republic of China who fear forced marriage." *See Koudriachova*, 490 F.3d at 261–62. Rather, Lin alleged that she was arrested by the village chief because he blamed her for a fall he took during an altercation; he subsequently beat her and threatened to arrest her mother because she resisted his marriage proposal. Accordingly, her forced marriage claim fails.

### B. Forced Sterilization

■ Lin also argues that she has a well-founded fear of forced sterilization because she was pregnant without authorization from the Chinese government. However, the IJ properly found this claim too speculative to merit relief, as Lin failed to demonstrate that her pregnancy was in violation of the family planning policy. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 158 (2d Cir.2008) (requiring an applicant, claiming persecution based on the birth of children in the Unites States, to demonstrate that he violated the family planning policy). Because Lin fails to support her claim that her pregnancy violated the birth

control policy, we find no error in the IJ's conclusion that her family planning claim was impermissibly speculative. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005).

## II. CAT Relief

Lin's argument that she is eligible for CAT relief is unavailing. An applicant seeking protection under the CAT must show, *inter alia,* that the harm that she fears will be inflicted "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *see also Pierre v. Gonzales,* 502 F.3d 109, 118 (2d Cir.2007) (finding that in order to constitute torture, the conditions of detention must have been created with the specific intent to cause pain and suffering). While her brief contains general assertions that prison conditions in China are severe and that "detention is a common practice in China for various forms of violations," she fails to establish any likelihood that she will be detained if returned to China, and that she will face severe mistreatment in detention. Accordingly, she cannot prevail on her CAT claim.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.